

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 13, 1970

Hon. John C. White
Commissioner
Texas Department of Agriculture
P. O. Drawer BB
Austin, Texas  78711

Opinion No. M- 729

Re: Whether the Texas Depart-
ment of Agriculture may
legally enter into a
certain contract for pay-
ment of a monthly consulta-
tion fee.

Dear Mr. White:

Your recent letter requesting the opinion of this office concerning the referenced matter states as follows:

"The Texas Department of Agriculture respect-
fully solicits your opinion on whether or not the
State of Texas can legally pay for marketing serv-
ices of a former employee who is working in and
consequently temporarily residing in Europe.

"It is my understanding that we can because
the scope of our market development work is broad
based and covers services and activities on be-
half of our farmers in domestic and foreign markets.
We have, therefore, already done extensive work in
Latin America and have made market surveys in Asia.
One trade show has been attended in Europe.

"The former employee at present is located in
Bologna, Italy, studying international marketing.
He will be free to travel throughout Europe most
of the time during the next twelve months.

"He has agreed to represent the Texas Depart-
ment of Agriculture at trade shows, make surveys
to determine market potential for Texas products,
study policy and procedures for exporting these
products, conduct product promotion and otherwise
assist Texas shippers by providing them with re-
ports and information on a regular basis.

"He has further agreed to report his progress
in writing to this department each month and pro-
vide detailed reports on specially assigned projects.

-3539-

He will work under the immediate supervision of the Texas Department of Agriculture Marketing Director.

"The Texas Department of Agriculture is desirous of entering into a contract with this former employee and are agreeable to paying him a monthly consultation fee.

"We will appreciate your immediate action on this matter."

The duties of the Commissioner of Agriculture are set forth in Article 51, Vernon's Civil Statutes. That Article provides, in part, as follows:

"The duties of the commissioner shall be as follows:

". . .

"5. He shall investigate and report upon the question of broadening the market and of increasing the demand for cotton goods and all other agricultural and horticultural products, both in the United States and in foreign countries. . . ."

Line Item 9 of the current legislative appropriation for the Department of Agriculture, which is found in Section 1 of Article III of House Bill 2, Acts 61st Leg., 2nd C.S. 1969 (General Appropriation Act for the biennium ending August 31, 1971), provides, in part, as follows:

". . . For expanding the marketing outlets for Texas agricultural commodities, . . . for salaries, wages, travel, other expenses and contingencies . . .

$1,882,213          $2,066,487 & U.B."

Article III, Section 44 of the Constitution of Texas provides:

"The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, but shall not grant extra compensation to any officer, agent, servant, or public

contractors, after such public service shall have been performed or contract entered into, for the performance of the same; nor grant, by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law; nor employ any one in the name of the State, unless authorized by pre-existing law." (Emphasis added.)

The foregoing constitutional provision prohibits appropriations by the Legislature unless there is in force a pre-existing law to support such appropriation. Austin National Bank v. Sheppard, 123 Tex. 272, 71 S.W.2d 242 (1934).

We are of the opinion that Section 5 of Article 51, Vernon's Civil Statutes, which requires the Commissioner of Agriculture to investigate and report upon the question of broadening the market and of increasing the demand of agricultural and horticultural products, both in the United States and foreign countries, constitutes a valid pre-existing law to support the appropriation for salaries, wages, travel and other expenses and contingencies in connection with expanding the marketing outlets for Texas agricultural commodities.

Unless restricted or limited by the Constitution, the State has the right to enter into contracts. Texas National Guard Armory Board v. McCraw, 132 Tex. 613, 126 S.W.2d 627 (1939).

The power of the State to contract exists as an incident to the general right of sovereignty and the State through the instrumentality of its various departments to which contractual powers have been delegated by the Legislature may enter into contracts not prohibited by law and appropriate to the proper exercise of the State's contractual powers. Scribner's Sons v. Marrs, 114 Tex. 11, 262 S.W. 722 (1924).

In view of the foregoing authorities, and under the facts and circumstances presented, we are of the opinion that Section 5 of Article 51, Vernon's Civil Statutes, grants to the Commissioner of Agriculture the authority to enter into a contract with an individual to perform certain market surveys in Europe and compensate such individual for such services by way of a monthly consultation fee.

## S U M M A R Y

The Commissioner of Agriculture, pursuant to Article 51, Vernon's Civil Statutes, has the authority

under the facts and circumstances presented to enter into a contract to pay a monthly consultation fee for the rendering of various marketing surveys and studies to an individual temporarily residing in Europe.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Pat Bailey
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Roland Allen
Ben Harrison
Arthur Sandlin
John Reeves

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant